UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

MARCOS CUBILLAS,

          Plaintiff,

- against -

PLEASANTVILLE COUNTRY CLUB INC.,

          Defendant.

-------------------------------------------------------x

FILED
U.S. DISTRICT COURT
2006 JUN 29  A 11: 09
S.D. OF N.Y. W.P.

Docket No.:

**ECF CASE**

**Judge McMahon**

**COMPLAINT**

**PLAINTIFF DEMANDS
A JURY TRIAL**

**06 CIV. 5010**

Plaintiff, MARCOS CUBILLAS, by his attorneys, GOODSTEIN & WEST, complaining of the Defendant, allege as follows:

1.    This is an action to remedy the failure of Defendant to properly pay Plaintiff overtime at the rate of time-and-a-half as required by the Fair Labor Standards Act of 1938, as amended, 29 USC §201 *et seq*. Jurisdiction is conferred upon this Court by 29 USC §216 (b) of the Fair Labor Standards Act, by 28 USC §1331, as this action arises under the laws of the United States, and by 28 USC §1337, as this action arises under Acts of Congress regulating commerce. Additionally, under the principle of pendent jurisdiction, Plaintiff claims failure of Defendant to pay wages due and owing, pursuant to the New York State Labor Law §190 *et seq*., and §652(1); and for failure to pay Plaintiff overtime at the rate of time-and-a-half as required by 12 NYCRR §142-2.2.

### PARTIES

2.    Plaintiff, MARCOS CUBILLAS, (hereinafter "CUBILLAS") is a resident of the County of the Westchester, and the State of New York.

3.    Defendant PLEASANTVILLE COUNTRY CLUB INC. (hereinafter

"PLEASANTVILLE"), on information and belief is a New York corporation with offices located at 110 Nannahagan Road, Pleasantville, New York 10570. Defendant is an employer engaged in interstate commerce, and subject to the Fair Labor Standards Act (29 USC §201 et seq.) and to the New York State Labor Law (Labor Law §§190 *et seq.*) (652(1)).

## FACTS

4. Plaintiff was hired by Defendant in or about 1998 as a maintenance worker and to work with the golf clubs. Plaintiff is still employed by Defendant.

5. Plaintiff held an hourly paid non-exempt position. His salary was $12.00 per hour.

6. Plaintiff was always required to work seven (7) days a week, averaging from 7:00 a.m. until 3:00 p.m. Monday through Friday and 1 hour paid lunch as a maintenance worker, and approximately 4:00 p.m. though 9:00 p.m. Monday and Wednesday, 4:00 p.m. though 8:00 p.m. Thursday. 4:00 p.m. though 7:00 p.m. Friday and 7:00 a.m. until 1:00 p.m. on both Saturday and Sunday with the golf clubs. Thus Plaintiff worked approximately 50-65 hours per week.

## AS AND FOR A FIRST CAUSE OF ACTION

7. Plaintiff repeats and re-alleges each allegation contained in each preceding paragraph of this Complaint as though fully set forth herein.

8. Although Plaintiff worked overtime during the period July 1, 2003 through June 30, 2006 he did not receive overtime compensation for this period.

9. Plaintiff earned Twelve ($12.00) Dollars per hour during the time he was employed by Defendant in maintenance.

10. Plaintiff received straight time as compensation for the hours he worked over forty (40) per week at a rate of approximately $7.75 per hour.

11. Plaintiff did not receive overtime payment at the rate of time-and-a-half, in violation of the Fair Labor Standards Act, although he worked more than forty (40) hours per week.

12. Defendant's failure to pay Plaintiff wages and overtime at the rate of time-and-a-half was willful.

## AS AND FOR A SECOND CAUSE OF ACTION
## PENDENT CAUSE OF ACTION

13. From July 1, 2000 through June 30, 2006, Plaintiff was denied overtime at the rate of time-and-a-half in violation of 12 NYCRR §142-2.2;

14. From July 1, 2000 through June 30, 2006, Plaintiff was denied wage compensation for hours worked, in violation of Labor Law §190 *et seq.*, and §652(1). This violation was willful.

**WHEREFORE**, Plaintiff requests this Court enter an Order in favor of Plaintiff and against Defendant:

**On The Fair Labor Standards Act Causes of Action**

(a) Declaring Defendant violated the Fair Labor Standards Act (29 Code USC §201 *et seq.*) for the period between July 1, 2003 through and including June 30, 2006;

(b) Declaring Defendant's violation of the Fair Labor Standards Act was willful;

(c) Granting Plaintiff payment of his hourly wage for each and every hour worked during this periods;

(d) Granting Plaintiff time-and-a-half for each and every hour worked overtime during these periods;

(e) Granting Plaintiff an equal amount in liquidated damages for the period dating three (3) years before the filing of this Complaint; and

(f) Awarding Plaintiff his costs and reasonable attorneys' fees, together with such other and further relief as to the Court seems just and proper.

**On the New York State Labor Law Cause of Action**

(g) Declaring Defendant violated the New York State Labor Law and 12 NYCRR §142-2.2;

(h) Declaring that Defendant's violation of the New York State Labor Law and 12 NYCRR §142-2.2 was willful;

(i) Granting Plaintiff payment of his hourly wage for each and every hour worked during this periods;

(j) Awarding Plaintiff for the period July 1, 2000 through June 30, 2006, a payment for overtime at the rate of time-and-a-half for working over forty (40) hours per week during the period;

(k) Finding that Defendant's refusal to pay Plaintiff the required correct wages was willful, and awarding Plaintiff an additional amount as liquidated damages equal to twenty five (25%) percent of the total amount of wages found to be due; and

(l) Awarding Plaintiff reasonable attorney's fees.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues properly before this Court and all questions of fact raised by this Complaint.

Dated: New Rochelle, New York
       June 27, 2006

>                               Yours, etc.,
>
>                               GOODSTEIN & WEST
>
>                               By:_____
>                               ROBERT DAVID GOODSTEIN (RDG 5443)
>                               *Attorneys for Plaintiff*
>                               56 Harrison Street, Suite 401
>                               New Rochelle, New York 10801
>                               (914) 632-8382